APPEAL NO.:  11-15983-CC

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT


SYLVESTER B. LANE and MARY LANE,

Plaintiffs-Appellants,

v.

FORT WALTON BEACH HOUSING AUTHORITY,
GAIL SANSBURY, in her Official Capacity as
Executive Director of the Fort Walton Beach Housing Authority, and
GAIL SANSBURY, in her Individual Capacity,

Defendants-Appellees.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

L.T. No. 3:11-CV-00374-RS-CJK
_____

ANSWER BRIEF OF DEFENDANTS-APPELLEES,
FORT WALTON BEACH HOUSING AUTHORITY, ET AL.
_____

Charles F. Beall, Jr.
Florida Bar No. 066494
Tristan K. Harper
Florida Bar No. 69021
**MOORE, HILL & WESTMORELAND, P.A.**
Post Office Box 13290
Pensacola, Florida 32591-3290
(850) 434-3541
*Attorneys for Defendants-Appellees*

## <u>CERTIFICATE OF INTERESTED PERSONS</u>
## <u>AND CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Fed. R. App. P. 26.1, Appellees by and through their undersigned attorneys, hereby certify that the following have an interest in the outcome of this case:

1.    Beall, Charles F., Jr., Esq., Counsel for Appellees and underlying Defendants, Fort Walton Beach Housing Authority and Gail Sansbury.

2.    Harper, Tristan K., Esq., Counsel for Appellees and underlying Defendants, Fort Walton Beach Housing Authority and Gail Sansbury.

3.    Mead, George R., II, Esq., Counsel for Appellees and underlying Defendants, Fort Walton Beach Housing Authority and Gail Sansbury.

4.    Moore, Hill & Westmoreland, P.A., Counsel for Appellees and underlying Defendants, Fort Walton Beach Housing Authority and Gail Sansbury.

5.    Fort Walton Beach Housing Authority, underlying defendant.

6.    Sansbury, Gail; Executive Director of the Fort Walton Beach Housing Authority.

7.    Sansbury, Gail, underlying defendant.

8.    Smoak, Richard Honorable, underlying district court judge.

9.    Grunewald, Edward Esq., Counsel for Appellant and underlying Plaintiffs, Sylvester B. Lane and Mary Lane.

10.    Ito, Jamie Esq., Counsel for Appellant and underlying Plaintiffs, Sylvester B. Lane and Mary Lane.

11.    Zaborske, Jill Esq., Counsel for Appellant and underlying Plaintiffs, Sylvester B. Lane and Mary Lane.

12.    The North Florida Center for Equal Justice, Inc., Counsel for Appellants and underlying Plaintiffs, Sylvester B. Lane and Mary Lane.

13.    Lane, Mary; underlying plaintiff.

14.    Lane, Sylvester; underlying plaintiff.

15.    Johnson, Brenard; Hearing Officer.

## STATEMENT REGARDING ORAL ARGUMENT

Appellees welcome oral argument, but question whether it is necessary because the issues raised in this appeal are not complex or novel.

## <u>TABLE OF CONTENTS</u>

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT ................................................................. C-1

STATEMENT REGARDING ORAL ARGUMENT .................................... i

TABLE OF CONTENTS ............................................................................ ii

TABLE OF CITATIONS ........................................................................... iii

TABLE OF RECORD REFERENCES IN BRIEF ...................................... v

STATEMENT OF JURISDICTION ............................................................ 1

STATEMENT OF THE CASE ..................................................................... 2

STANDARD OF REVIEW .......................................................................... 3

SUMMARY OF ARGUMENT .................................................................... 4

ARGUMENT ............................................................................................... 6

    I.    The district court applied the correct
        legal standard in deciding FWBHA's motion to dismiss........... 6

    II.   The district court did not err in dismissing
        the Lanes' due process claims as moot ................................... 13

    III.  Whether the district court erred by denying the  Lanes'
        motions to proceed *in forma pauperis* at the trial level ........... 15

CONCLUSION ......................................................................................... 16

CERTIFICATE OF COMPLYING WITH FONT REQUIREMENTS ....... 17

CERTIFICATE OF SERVICE .................................................................. 18

# TABLE OF CITATIONS

## Cases

*Access Now, Inc. v. Southwest Airlines Co.*,
385 F.3d 1324 (11th Cir. 2004) ............................................................ 10, 14

*Basco v. Machin,*
514 F.3d 1177 (11th Cir. 2008) ........................................................ 4, 11, 13

*Clark v. Alexander*,
85 F.3d 146 (4th Cir. 1996) ...................................................................... 7

*Davila v. Delta Air Lines, Inc.,*
326 F.3d 1182 (11th Cir. 2003) ............................................................... 3, 6

*Halmos v. Bomardier Aerospace Corp.*,
404 Fed.Appx. 276 (11th Cir. 2010).............................................................. 7

*Harrell v. The Florida Bar*,
608 F.3d 1241 (11th Cir. 2010) ................................................................ 14

*KH Outdoor, L.L.C. v. Clay County, Fla.*,
482 F.3d 1299 (11th Cir. 2007) ........................................................... 14, 15

*Robinson v. Dist. Of Columbia Housing Auth.*,
660 F.Supp.2d 6 (D.D.C. 2009).......................................................... 7, 12, 13

*Ronet v. Foster*,
2006 WL 1980273 (M.D. Fla. 2006) .......................................................... 11

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007)................................................................................ 7

*U.S. v. Jernigan*,
341 F.3d 1273 (11th Cir. 2003) ................................................................ 10

*Yniguez v. State*,
975 F.2d 646 (9th Cir. 1992) ............................................................... 14, 15

## <u>Statutes and Rules</u>

Fed. R. Civ. P. 12(b)(6) .................................................................. 3, 7

24 C.F.R. § 982.555 ......................................................................... 4

42 U.S.C. § 1983 .............................................................................. 2

## <u>TABLE OF RECORD REFERENCES IN THE BRIEF</u>

<u>Brief Page No.</u>                                                    <u>Docket No.</u>

3                    Order [Granting Motion for Preliminary Injunction] .... 31

3                    Transcript of Hearing on Motion for
                     Preliminary Injection with Exhibits A-K ...................... 35

3                    Notice of Filing Hearing Officer's Amended
                     Determination ................................................................. 49

2, 3, 5              First Amended Complaint ............................................. 51

3, 9, 14             Order [of Dismissal with Prejudice] ............................. 68

## STATEMENT OF JURISDICTION

Appellees concur with the Lanes' statement regarding jurisdiction.

## STATEMENT OF THE CASE AND OF THE FACTS

### I.    Nature of the appeal

This is an appeal from a final order dismissing with prejudice the claims asserted by Plaintiffs-Appellants, Sylvester Lane and Mary Lane, alleging that the Fort Walton Beach Housing Authority and its executive director, Gail Sansbury (collectively referred to in this brief at "FWBHA") deprived them of their due process rights under 42 U.S.C. § 1983 when the FWBHA terminated the Lanes' Section 8 housing assistance.

### II.    Course of proceedings and disposition in the district court

Appellees concur with the description of the course of proceedings contained in the Lanes' brief.

### III.    Statement of the facts

Appellees concur with the timeline presented by the Lanes' in their statement of facts, but not with all the facts or the conclusions reached.  Portions of the statement are misleading and incomplete; Appellees offer the following clarifications:

On February 1, 2011, Mr. Lane received a certified letter from FWBHA terminating the family's Section 8 assistance effective at the end of the month because Ms. Lane's son, Mackil Taylor, a registered sex offender, was living with the Lanes and their three grandchildren and had been since October, 2011.  *Doc. 51*

*at 6; Doc. 35 – Ex A.*  The Lanes received Section 8 assistance through February 28, 2011, and it was reinstated pursuant to the district court's Order granting the Lanes' Motion for Preliminary Injunction in October, 2011.  *Doc. 51 at 5; Doc, 31.*

While the Lanes allege that they "did not know Mackil Taylor listed their address on his sex offender registration," the hearing officer found that FWBHA had proven by a preponderance of the evidence that Mr. Taylor was in fact living with the Lanes, a finding that the district court held was fully supported by the evidence. *Doc. 35 - Ex E.; Doc. 49-1; Doc. 68.*

The Lanes allege that the "homeless verification" showed Mr. Taylor living in California in January and February, but the actual document shows Mr. Taylor only in California from January 18, 2011, to February 1, 2011, and the document lacks any indicia of reliability.  *Doc. 35 – Ex C.*

## STANDARD OF REVIEW

Appellees agree that this Court reviews a dismissal under Fed. R. Civ. P. 12(b)(6) de novo.  Appellees note, however, that "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003.)

3

## SUMMARY OF ARGUMENT

The Lanes' primary issue on appeal purports to suggest that the district court applied the incorrect legal standard in ruling on their motion to dismiss. It is abundantly clear from the record that the district court did no such thing. Instead, the district court properly considered the hearing officer's findings, since the findings were incorporated by reference in the First Amended Complaint, and concluded that the hearing officer's report refuted the conclusory allegations asserted by the Lanes to the contrary. Then, applying well-established law, the district court gave proper deference to the hearing officer's findings and concluded that the proceedings before the hearing officer complied with all due process requirements and supported the FWBHA's decision to terminate the Lanes' section 8 housing benefits.

While the issue framed by the Lanes in their brief concerns only the legal standard employed by the district court, the Lanes go farther in their argument and address the merits of the district court's ruling. Contrary to their argument, the record fully supports the district court's decision. As the district court properly held, the procedures employed by FWBHA below complied fully with 24 C.F.R. § 982.555 and this Court's decision in *Basco v. Machin*, 514 F.3d 1177, 1182 (11th Cir. 2008). FWBHA met its initial burden of proof at the grievance hearing with reliable, legally sufficient evidence that qualified for judicial notice, and that

evidence was further corroborated by the Call Log from the Okaloosa Sheriff's Department submitted by the Lanes themselves related to Mr. Taylor's address of record.  Further, the Lanes were not denied the right to confront and cross-examine witnesses because the Lanes did not request to confront or cross-examine any witness, nor did they allege otherwise in their First Amended Complaint.  *Doc. 51 generally.*

Finally, the Lanes's argument that their due process claims should not have been dismissed as moot is misplaced.  In essence, the Lanes argue that their claims are not moot because the district court "did not grant all of the relief requested by the Lanes in relation to their claims."  *Appellants' brief at 26.*  However, the reason the district court did not grant the Lanes all of the relief they requested is that the district court concluded (correctly) that FWBHA did not commit any constitutional violations.  Because the district court dismissed with prejudice all of their claims alleging constitutional violations, the Lanes' claims for damages arising from these alleged violations are, by definition, rendered moot as well.

## ARGUMENT

### I.    The district court applied the correct
### legal standard in deciding FWBHA's motion to dismiss

#### A.    The Lanes' argument is based upon an incorrect
#### statement of the standard for deciding a motion to dismiss

The Lanes' primary argument on appeal is that the district court applied the incorrect legal standard in ruling on the motion to dismiss.   According to the Lanes, the district court applied the incorrect standard because it allegedly "did *not* accept as true all allegations of the First Amended Complaint, construe those allegations in the light most favorable to the Lanes, or properly apply the *Twombly* plausibility standard." *Appellants' brief at 14-15* (emphasis in original). The Lanes are mistaken—at least in part because, ironically, they cite an incomplete statement of the proper legal standard.

First, while it is certainly true that a court is to accept the allegations in the complaint as true, all allegations are not treated equally.   As this Court has observed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003.)

Second, contrary to the implication in the Lanes' argument, the district court is not required to limit its inquiry to the specific allegations in the complaint itself. Instead, it is well established that "courts must consider the complaint in its

entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Halmos v. Bomardier Aerospace Corp*., 404 Fed.Appx. 276, 377 (11th Cir. 2010) (noting that district courts "may take judicial notice of matters of public record" in deciding a motion to dismiss). Thus, in resolving the motion to dismiss, the district court here was permitted to consider not only the hearing officer's report, which was incorporated by reference into the First Amended Complaint, but also the procedural history of the case as reflected in the Court's file.

Third, and perhaps most important, the Lanes' entire argument implicitly assumes that both this Court and the district court are required to review the hearing officer's decision de novo and without deference. That is incorrect. It is well established that the findings and conclusions of a Section 8 hearing officer are entitled to substantial deference. *See Clark v. Alexander*, 85 F.3d 146, 151 (4th Cir. 1996) (holding that the factual findings of the hearing officer are entitled to "significant" deference and that "[d]eference to the findings of an impartial hearing officer in Section 8 termination hearings results in no constitutional deprivation"); *Robinson v. Dist. Of Columbia Housing Auth.*, 660 F.Supp.2d 6, 18 (D.D.C. 2009)

7

(holding that "the Court must afford substantial deference to the Authority's determination").

Thus, it is not enough for the Lanes to point to allegations in their complaint suggesting other possible views of the evidence presented, nor is it enough to raise conclusory allegations questioning the hearing officer's decision. Instead, the Lanes were required to demonstrate that the allegations in their complaint, taken as true, and considered in conjunction with the hearing officer's report, would warrant setting the hearing officer's findings aside. The district court properly concluded that the Lanes did not meet this burden.

### B.     When the correct standard is applied, it is clear that the district court properly granted the motion to dismiss

Viewed through the correct legal standard, the district court correctly dismissed the complaint because the Lanes could not state a cause of action in light of the hearing officer's conclusions. Indeed, while the Lanes paraphrase and restate the basic allegations in the complaint in their brief, they fail to explain how the allegations are enough to overcome the deference given to a hearing officer's conclusions. Simply saying that the complaint "set[s] forth sufficient facts to state a plausible claim" does not make it so. *Appellant's brief at 18*.

While the Lanes themselves make no effort to explain why their conclusory allegations are enough to support a plausible claim, the district court's order explains why they are not. For example, the Lanes' complaint raises several

8

allegations that Mr. Taylor had not lived with them since 1992 and questioning the

evidence suggesting otherwise.  *Appellants' brief at 16-18*.  The district court's

order, however, explains why the hearing officer acted well within his authority in

finding to the contrary.  The district court noted that the hearing officer had relied

not only on the printout of Florida's sexual offender registry, but also the "call log"

from the Sheriff's office documenting a visit to the Lanes' residence in October

2010. As the district court explained:

> The Sheriff's call log indicates that on October 21, 2010, contact was made with a male at [the Lanes'] residence who advised them that Mr. Taylor "was not in." (Doc. 6, Attach. 1, p. 2).  The officers advised that Mr. Taylor needed to register correctly.  *Id*.  Later that day, Mr. Taylor "called requesting to know why deputies were looking for [him]."  *Id*. at 3.  While the call log is also hearsay, it is reliable and supports the information contained in the sex offender registry. The fact that Mr. Taylor called the Sheriff's office within hours of their visit indicates that the residents were, at a minimum, in communication with Mr. Taylor. And, the fact that the call log indicates that the person at the residence stated that Mr. Taylor "was not in" suggests that Mr. Taylor had some relationship with the [Lanes'] residence.  That is, the author of the call log could have stated that the person at the residence informed him that Mr. Taylor did not live there.  Instead, he chose to use the words "was not in."

(*Doc. 68 at 9*).  Thus, as the district court concluded, the hearing officer acted well

within his discretion in siding with the FWBHA and in rejecting the arguments and

evidence presented by the Lanes.  None of the allegations in the First Amended

Complaint stated a claim sufficient to overcome the deference given to a hearing officer's findings under the law.

Curiously, while the Lanes articulate the district court's application of the motion to dismiss standard as the "issue" on appeal, their brief shifts its focus from the standard of review to the hearing officer's decision to rely on hearsay evidence in reaching his decision. *See Appellants' brief at 20-25*. The Lanes, however, do not appear to assert the use of hearsay (or the sufficiency of the evidence) as a separate ground for relief and never explain how this argument supports their misguided assertion that the district court applied the wrong standard in resolving the motion. Thus, it is not clear that FWBHA is required to respond to this portion of the Lanes' brief at all. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (holding that "[a]ny issue that an appellant wants the Court to address should be specifically and clearly identified in the brief"); *U.S. v. Jernigan*, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003) (noting that "[o]ur task in assessing an appeal is to adjudicate the issues that are fairly and plainly presented to us and of which the appellee is put on notice; it is not to hunt for issues that an appellant may or may not have intended to raise").

But even assuming the Lanes intended to assert the hearing officer's reliance on hearsay as a separate issue on appeal, the argument is completely without merit. In essence, the Lanes argue that the printout of the sexual offender registry relied

10

upon by the hearing officer in his order was inherently unreliable hearsay and should not have formed the basis for the hearing officer's decision under this Court's decision in *Basco v. Machin*, 514 F.3d 1177 (11th Cir. 2008). There are two fundamental problems with this argument.

First, as the district court observed, the sexual offender registry relied upon here is the sort of reliable hearsay evidence that courts have routinely held may be used in upholding administrative rulings. *See*, *e.g.*, *Ronet v. Foster*, No. 8:06-CV-1269-T-30MSS, 2006 WL 1980273, at *1 n.3 (M.D. Fla. 2006) (taking "judicial notice of information available at the Florida Department of Law Enforcement ('FDLE') database" in finding that the Plaintiff has absconded from registration). Unlike the two police reports in *Basco*—which contained contradictory information about the name of the individual alleged to be residing in the household—the registry document identifies Mr. Taylor unequivocally. Indeed, the Lanes do not argue otherwise. Similarly, while the police reports in *Basco* provided no information about the length of the individual's stay, the registry relied upon here listed the Lanes' residence as Mr. Taylor's permanent address.

Second, unlike *Basco*, the hearing office here relied on more information than just the sexual offender registry. As indicated above, he also relied up the call log from the Sheriff's department. While that document was also hearsay, the Lanes concede in their brief that *they submitted it to the hearing officer themselves*.

11

*Appellants' brief at 24*.  And even if the call logs had been submitted by the FWBHA, the Lanes do not argue that the call logs were unreliable or should not have been considered by the hearing officer.

The decision by the United States District Court for the District of Columbia in *Robinson* is almost directly on point and especially instructive.  *See Robinson*, 660 F.Supp.2d at 8-22.  As here, *Robinson* involved a challenge by a Section 8 voucher recipient to a housing authority's decision supporting the termination of her voucher benefits because of an "unauthorized occupant" in her residence.  As here, the tenant requested an informal hearing before a hearing officer, who recommended that the benefits be terminated.  *Id.* at 9-10.  And, as here, the Plaintiff filed suit against the housing authority, raising essentially the same claims asserted here by the Lanes, including the hearing officer's reliance on hearsay in making his determination, the tenant's alleged inability to cross-examine witnesses, and the housing authority's alleged violation of the tenant's due process rights. *Id.* at 11-21.

In a lengthy opinion, the district court granted the housing authority's motion to dismiss, finding that the allegations in the complaint, considered alongside the hearing officer's report, did not state an actionable claim for relief. *Id.* at 11.  In its ruling, the district court specifically held that the hearsay evidence relied upon by the hearing officer was properly considered, and found this Court's

decision in *Basco* distinguishable on its facts.  *Id*. at 14.  The district court also rejected the argument that the tenant was denied the right to cross examine witnesses.  *Id*. at 16.  Finally, the court rejected the tenant's due process challenge. *Id*. at 20-21.  Tellingly, the district court in *Robinson*, as here, resolved the case on a motion to dismiss and held that the allegations in the complaint were insufficient to state an actionable claim for relief.

This case is no different.  While the Lanes clearly disagree with the hearing officer's decision and the basis for it, they failed to raise any allegations in their complaint that would warrant relief under the appropriate standard for analyzing motions to dismiss in these cases.  Thus, the order dismissing the complaint with prejudice should be affirmed.

## II.    The district court did not err in dismissing the Lanes' due process claims as moot

The Lanes also argue that the district court erred in dismissing as moot their claim that the FWBHA violated their due process rights by failing to provide them 30 days notice of the termination of their Section 8 benefits.  A review of the record demonstrates why they are mistaken.

This Court has held that a claim is moot if:

> (1) it can be said with assurance that there is no reasonable expectation ... that the alleged violation will recur, and

13

(2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.

*Harrell v. The Florida Bar*, 608 F.3d 1241, 1265 (11th Cir. 2010). As the district court noted in its order dismissing their complaint with prejudice, "Plaintiffs' have now been given adequate notice." (*Doc. 68 at 10*). Notably—and critically—the Lanes have *not* challenged the merits of the district court's ruling on this point in their brief. *See Access Now,* 385 F.3d at 1330.

Instead, the Lanes argue that, notwithstanding that the district court has already concluded that they are *not* entitled to any relief on this claim, the damages portion of the claim should survive on its own. The Lanes fail to explain how a claim for damages—or, for that matter, a claim for any relief—can survive a court ruling rejecting the basis for the claim in the first place.

The two cases relied upon by the Lanes to support this novel argument are easily distinguishable on their facts. For example, in *KH Outdoor, L.L.C. v. Clay County, Fla.*, 482 F.3d 1299 (11th Cir. 2007), the district court had never addressed the viability of the claims for relief under the prior ordinance under the mistaken belief that the enactment of a new ordinance rendered those claims moot. This Court disagreed not only because the plaintiff had asserted a claim for damages, but also because the district court had never addressed the issue of liability under the old ordinance. *Id.* at 1303. Similarly, in *Yniguez v. State*, 975 F.2d 646 (9th Cir. 1992), the district court never addressed the merits of a

14

constitutional challenge filed by a state employee based upon the incorrect assumption that the employee's claims became moot when the employee resigned her state job.  The court of appeals disagreed because the former employee might have been entitled to nominal damages if the court found in her favor on the merits. *Id.* at 647.

Contrary to the Lanes' argument, neither *KH Outdoor* nor *Yniguez* stand for the proposition that simply asserting a claim for damages from a constitutional violation is enough to avoid a mootness argument.  Instead, they stand for the self-evident proposition that claims for damages may survive so long as the district court has not addressed the *merits* of the constitutional challenge from which the damages claims arise.

That is not the case here.  The district court in its order expressly rejected the Lanes' due process claim, and the Lanes have not challenged that ruling in their brief.  Since the district court has already determined that no due process claim remains, the Lanes' claims for damages from the non-existent constitutional violation was properly dismissed as moot.

### III.    Whether the district court erred by denying the Lanes' motions to proceed *in forma pauperis* at the trial level.

FWBHA takes no position on the district court's ruling on the Lanes' motions to proceed *in forma pauperis* below.

## **CONCLUSION**

For the foregoing reasons, the district court's order dismissing the case with prejudice should be affirmed.

Dated this 5th day of April, 2012.

Respectfully submitted,

_____
Charles F. Beall, Jr.
Florida Bar No. 066494
**MOORE, HILL & WESTMORELAND, P.A.**
Post Office Box 13290
Pensacola, Florida 32591-3290
(850) 434-3541
Attorneys for Defendants-Appellees

16

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this brief was prepared using 14 point Times New

Roman and that it contains 3,311 words, inclusive of headings.

_____
Charles F. Beall, Jr.
**Moore, Hill & Westmoreland, P.A.**
220 West Garden Street
9th Floor, Sun Trust Tower
Post Office Box 13290
Pensacola, Florida 32591
(850) 434-3541
Florida Bar No. 066494
Attorneys for Appellees

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this <u>5th</u> day of April, 2012, served a true

and correct copy of the foregoing by U.S. Mail upon:

Jill B. Zaborske, Esq.

Edward J. Grunewald, Esq.

THE NORTH FLORIDA CENTER FOR

EQUAL JUSTICE, INC.

2121 Delta Blvd.

Tallahassee, FL  32303

_____

Charles F. Beall, Jr.

Florida Bar No. 066494

Tristan K. Harper

Florida Bar No. 69021

**MOORE, HILL & WESTMORELAND, P.A.**

Post Office Box 13290

Pensacola, Florida 32591-3290

(850) 434-3541

Attorneys for Appellees

18